UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JERALD BAILEY, | ) |
| Petitioner, | ) |
| v. | ) Case No. 1:21-cv-01138-LCB-JHE |
| STATE OF ALABAMA, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

Petitioner Jerald Bailey, through counsel, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). On April 28, 2022, the magistrate judge entered a report recommending the court grant Respondent's motion for summary dismissal (doc. 8) and dismiss the petition as untimely. (Doc. 17). Additionally, the magistrate judge noted that even if Bailey's petition is timely, his claims are procedurally defaulted. (*Id*.). On May 10, 2022, Bailey filed objections to the magistrate judge's report and recommendation. (Doc. 18). Bailey raises three objections, which the court will address in turn.

Bailey contends in his first two objections that the magistrate judge "disregard[ed]" that his sentence is illegal, and he received ineffective assistance of counsel. (Doc. 18 at 1–3). Because the magistrate judge found Bailey's petition untimely and his claims procedurally defaulted, the magistrate judge did not err in

1

declining to reach the merits of Bailey's petition. Accordingly, Bailey's objections on these grounds are **OVERRULED**.

In his third objection, Bailey argues that his claims are exhausted and not procedurally defaulted. (Doc. 18 at 3–5, 7–9). Bailey contends he raised his claims in *pro se* motions before the Calhoun County Circuit Court but was limited by his *pro se* status. (*Id.*). Bailey does not dispute that he did not appeal these claims to the Alabama Court of Criminal Appeals or the Alabama Supreme Court. Therefore, he has not taken them through one complete round of the appellate review process. Moreover, his *pro se* status fails to provide cause to excuse this procedural default. *See Tower v. Phillips*, 7 F.3d 206, 211 (11th Cir. 1993) ("[I]gnorance of available post-conviction remedies cannot excuse a procedural default."); *McCoy v. Newsome*, 953 F.2d 1252, 1258 (11th Cir. 1992) (noting that neither a lack of legal education nor *pro se* status constituted cause for petitioner's procedural default). Bailey's objection to the magistrate judge's alternative finding of procedural default is therefore **OVERRULED**.

Additionally, Bailey asserts that the magistrate judge should have considered equitable tolling to find his petition timely. (Doc. 18 at 5–7). However, the magistrate judge did consider whether equitable tolling is applicable and determined that it is not. (*See* doc. 17 at 7–9). To the extent Bailey argues he is entitled to equitable tolling due to the ineffective assistance of his appellate counsel in failing

to file an application for rehearing in the Alabama Court of Criminal Appeals and a petition for a writ of certiorari in the Alabama Supreme Court (doc. 18 at 5–7), he is entitled to no relief.  (Doc. 18 at 5–7).

Bailey did not have a right to counsel to file an application for rehearing or a petition for certiorari since such review is discretionary.  *See* ALA. R. APP. P. 39(a) ("Certiorari review is not a matter of right, but of judicial discretion.").  Although the Constitution "requires appointment of counsel for indigent state defendants on their first appeal as of right," *Ross v. Moffitt*, 417 U.S. 600, 602 (1974), the same is not true for seeking discretionary state review.  *Id*. at 609–16; *see also Wainwright v. Torna*, 455 U.S. 586, 587 (1982) (reaffirming that "a criminal defendant does not have a constitutional right to counsel to pursue discretionary state appeals or applications for review in this Court."); *Pennsylvania v. Finlay*, 481 U.S. 551, 555 (1988) (holding that "a defendant has no federal constitutional right to counsel when pursuing a discretionary appeal on direct review of his conviction" beyond the first level of direct appeal).  Consequently, the failure of appellate counsel to seek discretionary review does not constitute an extraordinary circumstance to justify equitable tolling.  Accordingly, Bailey's objection on this ground is **OVERRULED**.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, and Bailey's objections, the court hereby **ADOPTS** the report of the magistrate judge and **ACCEPTS** his

recommendation. The court finds that Respondent's motion for summary dismissal (doc. 8) is due to be granted and the petition is due to be dismissed with prejudice.

This court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). The court finds Bailey's claims do not satisfy either standard.

The court will enter a separate Final Judgment.

**DONE** and **ORDERED** this May 20, 2022.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE